IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| ROBERT COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:09-cv-00036 |
| v. | ) |
| | ) Judge Nixon |
| CAROLYN W. COLVIN, | ) Magistrate Judge Brown |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is a Motion of Counsel for Plaintiff for Approval of an Attorney Fee Pursuant to 42 U.S.C. § 406(b)(2) ("Motion") (Doc. No. 41), filed along with a Memorandum in Support (Doc. No. 41-1) and four exhibits (Doc. Nos. 41-2 to 41-5), filed by Plaintiff Robert Coleman's attorney, Michael Williamson. Mr. Williamson requests a fee of $12,282.00 from the Court for his work before the Court. (Doc. No. 41.) Mr. Williamson's fee request is based on his 25% contingency fee agreement with Plaintiff and the total amount of past-due benefits awarded to Plaintiff and his auxiliaries. (Doc. No. 41-1 at 2.) Mr. Williamson states the amount of past-due benefits used in his calculations is based on (1) an Award Notice provided for Plaintiff's past-due benefits (*see* Doc. No. 41-3) and (2) a conversation Mr. Williamson had with an employee of the Social Security Administration regarding Plaintiff's daughters' past-due benefits. (Doc. No. 41-1 at 2.)

As part of Mr. Williamson's request is based merely on a phone conversation and not an official award notice from the Social Security Administration, the Court herby **DENIES** the Motion without prejudice to re-file. Mr. Williamson may re-file his request for attorney's fees

1

once he obtains the appropriate paperwork verifying the amount of past-due benefits the Social Security Administration has awarded Plaintiff's daughters..

It is so ORDERED.

Entered this the ___16th___ day of December, 2013.

                                            JOHN T. NIXON, SENIOR JUDGE
                                            UNITED STATES DISTRICT COURT